**In re William Ross TETER, Relator.**

**No. 05–09–00773–CV.**

Court of Appeals of Texas,
Dallas.

Dec. 7, 2009.

Ross Teter, Dallas, TX, pro se.

Dallas County Judge, County Court at Law No. 3, Dallas, TX, for Respondent.

Frank D. Able, Dallas Dist. Atty., Dallas, TX, Esther A. Grossman, Little Rock, AR, for Real Party in Interest.

Before Justices MOSELEY, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

Before the Court is relator's petition for habeas corpus relating to the trial court's judgment of contempt and order of commitment dated July 1, 2009. Among other issues, relator complains that he was not provided with sufficient notice of his al-

leged contemptuous conduct. We agree with relator. Accordingly, we grant the writ of habeas corpus, set aside the judgment of contempt and order of commitment, and order relator discharged.

The underlying lawsuit involved a jury trial in a dispute between a debtor and creditor. After closing argument, on December, 11, 2008, the judge presiding over the trial held relator in contempt for violations of Rule 269 of the Texas Rules of Civil Procedure. Relator protested that he did not believe he had violated Rule 269 in any way and requested a written order on the contempt charge; a written order was signed on April 8, 2009, and amended on April 17, 2009.

It appears that relator was taken into custody on April 17, 2009, and on that date relator filed a motion to be released on his own recognizance and for a hearing before an assigned judge on the charge of contempt, as well as a personal recognizance bond. *See* TEX. GOV'T CODE ANN. § 21.002(d) (Vernon 2009). On April 20, 2009, the court entered its Second Amended Order of Contempt.

The hearing requested by relator was held on May 28, 2009 before Judge John L. McCraw, Jr., sitting by appointment. When asked if he was ready to proceed, relator replied that he was not ready because he had not been "served with anything," and that "whoever is proceeding against me has to give me some type notice as to what it is they're charging me with and that I'm entitled to respond to that...."

Upon questioning, relator agreed he had received a copy of the April 20 contempt order. That order states that

on December 11, 2008, during closing arguments in the referenced case, [relator] was instructed by the Court to limit his argument to the facts presented in the case and to not make statements about opposing counsel. Despite this warning, [relator], on numerous occasions, continued to argue matters outside the evidence and make statements regarding opposing counsel, all in violation of Rule 269 of the Texas Rules of Civil Procedure.

The court held the April 20 order provided sufficient notice to relator of the charges against him and proceeded with the hearing.

On July 1, 2009, the court signed a judgment of contempt and order of commitment, repeating the findings of the April 20 order quoted above, and concluding that

[Relator] did thereby willingly interrupt the business of the Court and impair the respect due to its authority; and the Court, having the duty to require that proceedings be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings so that justice is done; and said [relator] being present in court, the Court finds that [relator] is in direct contempt of this Court.

Relator was taken into custody and filed this petition for writ of habeas corpus complaining of the July 1 judgment of contempt and order of commitment. Because only the July 1, 2009 judgment is at issue here, we do not address the propriety of the earlier orders of contempt or the punishment imposed by those orders.

Relator complains that the language of the April 20 order-which the court held provided notice of the matters to be considered at the May 28 hearing-does not specify what matters were improperly argued and what statements were improperly made, thereby violating his due process rights by depriving him of notice and an opportunity to be heard at the May 28 hearing adjudicating his guilt or innocence.

Real party in interest argues that relator was not entitled to notice in this case because the alleged contempt was direct rather than indirect. *See Ex parte Daniels,* 722 S.W.2d 707, 709 (Tex.Crim. App.1987) (because judge has personal knowledge of direct contempt, i.e., contempt committed in its presence, "the court is allowed to conduct a summary proceeding in which the contemner is not accorded notice nor a hearing in the usual sense of the word"). However, "the trial court's authority to summarily punish contemptuous conduct does not automatically flow from being able to observe the conduct, it flows from observing the conduct *and* the exigency of the situation." *Ex parte Knable,* 818 S.W.2d 811, 813 (Tex. Crim.App.1991). Once relator exercised his right to have an assigned judge determine his guilt or innocence under TEX. GOV'T CODE ANN. § 21.002(d) (Vernon 2009), the "immediate need to maintain decorum in the courtroom" dissipated, along with the judge's power to punish the alleged contemptuous conduct without giving relator proper notice and an opportunity to be heard. *See id.* Thus we conclude that, under the facts of this case, relator was entitled to sufficient notice to enable him to prepare for the hearing before the assigned judge. The question before this Court is whether the April 20 order of contempt constituted sufficient notice. We conclude it does not. General allegations or statements that relator "argue[d] matters outside the evidence" and "[made] statements about opposing counsel" do not provide relator with "reasonable notice of a charge and an opportunity in defense before punishment is imposed." *Knable,* 818 S.W.2d at 813, *quoting Taylor v. Hayes,* 418 U.S. 488, 498, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).

Therefore, we **GRANT** habeas corpus relief and **VACATE** the July 1, 2009, judgment of contempt and order of commit-ment issued by the judge of the County Court at Law No. 3 of Dallas County, Texas, in cause number cc–08–05545–C, styled *Unifund CCR Partners v. Joyce Flaherty.* We **ORDER** that relator William Ross Teter be unconditionally released and discharged from the custody of the Sheriff of Dallas County pursuant to that same judgment of contempt and order of commitment.